UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

STEVEN BERNARD HARVIN,

    Plaintiff,

v.

ANDREW YOUNG and
LESLIE MORALES,

    Defendants.

Civil Action No. 24-3671-TDC

**MEMORANDUM ORDER**

Plaintiff Steven Bernard Harvin has filed a Complaint against Defendants Andrew Young and Leslie Morales. Young is the Chief Financial Officer ("CFO") of Capital One Financial Corporation ("Capital One"), which is a bank chartered in Virginia. Morales is an employee at Bank of New York Mellon ("BNYM"), a bank chartered in New York. Harvin's allegations relate to a credit account he opened with Capital One in 2014. In his Second Amended Complaint, Harvin alleges that between 2023 and 2024, he attempted to make payments on his account by sending "Notice[s] of Subrogation" and other "negotiable instrument[s]," which Capital One did not credit to the account. Second Am. Compl. at 2–4, ECF No. 15. Harvin claims that he then revoked powers of attorney held by Defendants or Capital One over his account and removed BNYM as a trustee, at which point he appointed his own trust as the "Assignee" of the account. *Id.* at 3. On August 20, 2024, Capital One closed Harvin's account, and Harvin alleges that Defendants or Capital One have reported "inaccurate and irrelevant information" on his credit report and refused to remove negative information from his report. *Id.* at 4. Harvin alleges claims of unjust enrichment and a breach of a trust, and he requests monetary damages, a re-establishment of his account with an open-ended limit, and a full accounting against Defendants.

Defendants have filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for insufficient service of process pursuant to Rule 12(b)(5), and for failure to state a claim pursuant to Rule 12(b)(6). In addition, Harvin has filed a Motion to Seal the exhibits associated with his memorandum in opposition to the Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED based on the lack of personal jurisdiction and the failure to state a claim. The Court therefore need not address the issue of insufficient service of process. The Motion to Seal will be denied because Harvin has not demonstrated a privacy interest that outweighs the public interest in access to court records.

## DISCUSSION

### I. Personal Jurisdiction

Defendants argue that this case should be dismissed based on a lack of personal jurisdiction over them. Under Rule 12(b)(2), the plaintiff has the burden to establish personal jurisdiction. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). To carry that burden at the pleading stage, the plaintiff need only make a *prima facie* showing that the defendant is properly subject to the court's jurisdiction. *Id.* at 60. In evaluating the plaintiff's showing, a court must accept the plaintiff's allegations as true and must resolve any factual conflicts in the plaintiff's favor. *Id.* The court may consider affidavits and other submitted evidence in resolving a Rule 12(b)(2) motion. *See CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763–64 (D. Md. 2009).

For a district court to assert personal jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) "must be authorized under the state's long-arm statute"; and (2) "must comport with the due process requirements of the Fourteenth Amendment" to the United States

Constitution. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In this instance, as discussed below, the Court finds that the Motion can be resolved based only on its consideration of the due process requirements, so it need not address whether jurisdiction is authorized under the Maryland long-arm statute.

As to due process, a court may exert personal jurisdiction over a nonresident defendant in keeping with due process if the defendant has "certain minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Determining whether a defendant has such contacts is a fact-specific undertaking. *Kulko v. Superior Ct.*, 436 U.S. 84, 92 (1978). In assessing the presence of minimum contacts, courts distinguish between two types of personal jurisdiction: general and specific.

A court has general personal jurisdiction over out-of-state defendants whose "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For a natural person, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Harvin does not and could not plausibly argue that the Court has general jurisdiction over Defendants because he has not alleged facts showing that they are domiciled in Maryland; rather, Harvin alleges that Young resides in Virginia and that Morales resides in New York.

A court has specific personal jurisdiction when the defendant has "'purposefully established minimum contacts in the forum State' such 'that [it] should reasonably anticipate being

haled into court there.'" *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In assessing whether specific jurisdiction exists, a court must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* at 189 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). A plaintiff must prevail on each prong. *Id.*

Here, Harvin has alleged no facts showing that Defendants have had any personal contacts within Maryland. Where Defendants have engaged in no contacts within Maryland relating to Harvin's claims, to the extent that any of the corporations for which Defendants have served as officers or employees have had contacts with Maryland, including through actions taken by Defendants while outside Maryland, those contacts are not imputed to Defendants based on their status as corporate officers or employees. *See Columbia Briargate Co. v. First Nat'l Bank in Dallas*, 713 F.2d 1052, 1064–65 (4th Cir. 1983) ("[I]f the claim against the corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation and if any connection he had with the commission of the tort occurred without the forum state, we agree that, under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally . . . ."); *see also Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004) (finding that a defendant's status as an corporate officer alone was not enough to establish personal jurisdiction because "[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation").

4

Harvin also asserts personal jurisdiction over Defendants Young and Morales on the basis that they were allegedly fiduciary trustees of his trust, and more specifically argues that this Court has personal jurisdiction to "hear any complaint submitted by the Plaintiff regarding their administration of said private trust against any Defendants acting in personam as officers/agents for corporations claiming and causing injuries to trust property and the Principal's Estate." Opp'n at 1, ECF No. 25. The Court need not address whether a Defendant's role and purported actions as a trustee could provide a basis for personal jurisdiction because Harvin has not alleged facts that plausibly demonstrate that Defendants agreed to serve as trustees; rather, he has submitted only documents that unilaterally name Defendants as fiduciaries or trustees but are not signed by either of them. The Court therefore finds that Harvin has not made the requisite showing that specific personal jurisdiction exists over Defendants and will grant to the Motion to Dismiss.

## II.    Failure to State a Claim

In the alternative, the Court will also grant Defendants' Motion to Dismiss for failure to state a claim. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

As discussed above, where the allegations do not demonstrate that Defendants agreed to have any role relating to Harvin's trust, his claim of breach of the trust has not been sufficiently pleaded. As for the unjust enrichment claim, under Maryland law, a plaintiff establishes unjust enrichment when: "(1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005). Harvin's allegations, while arguably asserting that he conferred a benefit on Capital One, do not allege that Defendants received any personal financial or other benefit from Harvin. Harvin's apparent assertion that Defendants are personally liable for the actions of their corporate employers is unsupported by law. Accordingly, the Court will also grant the Motion to Dismiss based on the failure to state a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 21, is GRANTED, and this case is dismissed for lack of personal jurisdiction and for failure to state a claim.

2. Harvin's Motion to Seal, ECF No. 23, is DENIED.

3. The Clerk is directed to close the case.

Date: November 12, 2025

THEODORE D. CHUANG
United States District Judge